In the Matter of ALLEN J. STORINGE, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, December 20, 1989

### APPEARANCES OF COUNSEL

*Gerard M. LaRusso (Paul Ginnelly* of counsel), for petitioner.

*Bert Halderman* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, Fourth Department, on April 3, 1968 and maintains an office for the practice of law in the City of Syracuse, New York. By petition dated October 7, 1989, the Grievance Committee of the Fifth Judicial District charged respondent with violating Code of Professional Responsibility DR 1-102 (A) (3) (illegal conduct involving moral turpitude); DR 1-102 (A) (4) (conduct involving dishonesty, fraud, deceit or misrepresentation); DR 1- 102 (A) (5) (conduct that is prejudicial to the administration of justice); DR 1-102 (A) (6) (conduct that adversely reflects on his fitness to practice law); DR 9-102 (A) (failing to properly identify and preserve funds and prop-

erty of a client); DR 9-102 (B) (1) (failing to promptly notify a client of the receipt of his funds); DR 9-102 (B) (3) (failing to maintain complete records, funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them); DR 9-102 (B) (4) (failing to promptly pay or deliver to the client as requested by the client the funds, securities or other properties in the possession of the lawyer which the client is entitled to receive); and Rules of the Appellate Division, Fourth Department (22 NYCRR) § 1022.5 (a) (commingling and converting clients' funds); § 1022.5 (b) (failing to maintain true and correct records of clients' fiduciary accounts and withdrawing from said accounts moneys for his own compensation and use without accounting and reporting to his client beforehand).

The allegations in the petition, all of which have been admitted by respondent, show that he converted to his own use moneys belonging to two of his clients. On January 25, 1985, respondent received, on behalf of a client, $12,501.93, representing the balance of the sale price of the client's real property. He deposited that money in a special bank account on the same day and by a series of checks drawn for his personal use, he reduced the account to a balance of $985.56 by May 11, 1985. On January 25, 1987, respondent received the additional sum of $11,905.62 belonging to the same client, representing payment of a mortgage on the real property previously sold. On the date of receipt, respondent placed the money in a special bank account and by a series of checks drawn for his personal use, he withdrew all of the moneys from the account, reducing the account to a zero balance by March 11, 1988.

On November 21, 1988, respondent received the sum of $62,239.32, representing the proceeds of the sale of real property owned by another client. He placed money in a special bank account and by a series of checks drawn for his personal use, he reduced the account to a balance substantially below the amount received and, as a result, he converted $8,609.82 of the client's money.

Over a period of almost three years respondent converted his clients' funds and, in spite of repeated requests from his clients, he failed to reimburse them. He is guilty of all of the violations charged and he should be disbarred.

DILLON, P. J., CALLAHAN, DENMAN, BOOMER and GREEN, JJ., concur.

Order of disbarment entered.

# MEMORANDA

OF

*DECISIONS RENDERED DURING THE PERIOD EMBRACED IN THIS VOLUME*